## THE PEOPLE v. EDWARD LLOYD.

It is unnecessary, in an indictment for murder, to state the degree of the offence.
Under our statute, the essential averments of an indictment should be the same as at common law; every averment that is substantially necessary for the information of the defendant, so that he may know the particular circumstances of the charge alleged against him, and how to defend himself, is still necessary.
It must be alleged that the wound was mortal, and that the party died of the wound.

APPEAL from the District Court of the Ninth Judicial District, County of Butte.

The facts necessary to understand the points decided appear in the opinion of the Court.

*J. H. McKune* for Appellant.

*Attorney-General* for Respondent.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The defendant was indicted for the crime of murder, convicted of manslaughter, and sentenced to imprisonment in the State-prison for a term of ten years. A motion was made for a new trial, and also in arrest of judgment, both of which were over-ruled, and the defendant apealed to this Court.

The learned counsel of defendant, in this Court, relies mainly upon alleged defects in the indictment. The indictment is very concise, and charges " that the defendant, before the finding of the indictment, in the county of Butte, did willfully, unlawfully, feloniously, and with malice aforethought, shoot, bruise, and wound, one Giles S. Thornton, to wit: in and upon the body of the said Giles S. Thornton, with a pistol, then and there in the hands of the said Edward Lloyd ; and by thus shooting, bruis-ing, and wounding, with a pistol, as aforesaid, the said Edward Lloyd did, then and there, willfully, and unlawfully, feloniously, and with malice aforethought, kill and murder the said Giles S. Thornton, against the form of the statute," etc.

It is objected, that the indictment only states that the defend-ant is accused of murder, without specifying the degree, whether first, second, third, or fourth. We think this objection not well taken.

It is also objected, that the indictment does not state upon what part of the body the wounds were inflicted, nor does it describe the breadth and depth of the wounds, nor that the pistol was loaded, nor that Giles S. Thornton is dead, or that he died of the wounds inflicted by the defendant.

The two hundred and thirty-seventh section of the act in ref-erence to criminal practice, provides that the indictment, among other things, must contain " a statement of the acts constituting the offence, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended." And by section two hundred and thirty-nine, it is also provided, that the indictment " must be direct and certain, as it regards the particular circumstances of the offence charged, when they are necessary to constitute a com-plete offence." So, by the provisions of section two hundred and forty-six, the offence must be " clearly and distinctly set forth in ordinary and concise language." Section two hundred and forty-seven provides, that " no indictment shall be deemed insufficient, by reason of any defect or imperfection in matters of form, which shall not tend to the prejudice of the defendant."

Putting these provisions together, it may be said that the sub-stance of the indictment must still be the same as at common law ; every averment that is substantially necessary for the in-formation of the defendant, so that he may know the particular

circumstances of the charge alleged against him, and how to defend himself, is still required.

It must be alleged that the wound was *mortal*, and that the party died of the wound. (3 Ch. Cr. L., 735, 736, and the authorities there cited ; 6 Cal. R., 207.)

For this reason, the judgment must be reversed, and the cause remanded for further proceedings.