THE PEOPLE, RESPONDENTS, *v.* AH CHOY, APPELLANT.

CRIMINAL LAW—INDICTMENT.—An indictment for murder is sufficient if it charges the killing to have been done with malice aforethought; this is defined by lexicographers as meaning premeditated, and premeditated and deliberate are synonymous terms.

FLIGHT—EVIDENCE.—Evidence of flight by a person accused of crime is admissible for the purpose of showing who did the act, not for the purpose of determining the degree of the offense.

APPEAL from the third judicial district, Owyhee county.

*Rosborough & Preston,* for the appellant.

*L. P. Higbee and Frank Ganahl,* for the respondents.

NOGGLE, C. J., delivered the opinion, KELLY and LEWIS, JJ., concurring.

This is an appeal brought by the defendant to reverse the

judgment of the Owyhee district court rendered at the last June term of said court. Upon the argument of this case in the supreme court two causes of error are assigned by the defendant upon which he relies to reverse the judgment: 1. He claims that the indictment is defective because it does not allege the killing to be " deliberate and premeditated," in the words of section 17 of the statutes of crimes and punishments on page 438 of the laws of the first session of the legislature of Idaho territory; and, 2. Because the district court erred in excluding the evidence offered by the defendant to explain his motive in flying from the place of the homicide, and for the purpose of rebutting the presumption arising from flight. There is also a third point made in the defendant's brief, viz.: because the evidence submitted to the jury did not warrant a conviction of murder in the first degree. This last point, however, was abandoned on the argument, leaving only the two first to be considered by this court.

Is the indictment defective, as claimed by defendant's counsel, or is the first error, as above stated, well assigned? Or did the district judge properly direct the jury, that the indictment in this case sufficiently charged the crime of murder in the first degree?

The statutes of this territory, sections 233 and 234 of the Criminal Practice Act, on page 266 of the laws of the first session, and section 242, on page 267, very positively state what an indictment shall contain, and in obedience to these statute laws, the court can not require the prosecution to go further.

According to the statutes referred to, " the indictment shall be sufficient if it can be understood therefrom: 1. That it is entitled in a court having authority to receive it, though the name of the court be not accurately set forth. 2. That it must be found by a grand jury of the county in which the court was held. 3. That the defendant is named, or if his name can not be discovered, that he be described by a fictitious name, with a statement that he has refused to disclose his real name. 4. That the offense was committed at some place within the jurisdiction of the court. 5. That

the offense was committed at some time prior to the time of finding the indictment. 6. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended. 7. That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the right of the case."

The laws of this territory are conceded to be copies from the laws in force in California; that being so, the supreme court of Idaho may very properly, in construing its laws, follow the decisions of the supreme court in California. In the case of *The People* v. *Edward Lloyd*, 9 Cal. 54, it is held that "it is not necessary in an indictment for murder to state the degree of the offense. Under our statute, the essential averments of an indictment should be the same as at common law." In the same book, page 583, in the case of *The People* v. *Dolan*, the court say: "The third objection is founded on the absence of the word 'deliberate,' which the applicant contends is necessary to constitute the crime of murder in the first degree. The indictment charges the act to have been done with malice aforethought."

Aforethought, as defined by Webster, means premeditated; premeditated and deliberate are synonymous. The definition given of murder in the statute is "the unlawful killing of a human being with malice aforethought, expressed or implied." This definition includes both degrees of murder, and it is sufficient if the indictment charges the offense in the language of the statute defining it. (*The People* v. *Parsons*, 6 Cal. 487; *The People* v. *Murray*, 10 Id. 309–313; *The People* v. *Ybarra*, 17 Id. 166.) From these authorities, it is the opinion of this court that under the laws of this territory "the unlawful killing of a human being with malice aforethought is murder in the first degree," and that it is not error in the district court to permit the prosecution to prove a deliberate and premeditated killing when the defendant is charged with the "unlawful

killing of a human being with malice aforethought," which is defined by lexicographers to mean premeditated, or premeditate and deliberate.

The second and last point will now be considered, which is: "That the district court erred in excluding the evidence offered by the defendant to explain his motive in flying from the place of the homicide, and for the purpose of rebutting the presumption arising from flight."

In the examination of this case, we do not find that the question of guilt was in the least dependent upon evidence of flight, or that such evidence was given upon the trial to influence the jury to find the defendant guilty of the crime with which he stands charged. Such proof in a case like this, when the fact that the defendant struck the fatal blow is clear, indisputable, and undisputed, is useless. Evidence of flight by the defendant, who admits that he took the life of the deceased, can not be resorted to for the purpose of fixing the crime or the grade of the crime; such evidence may very properly be resorted to for the purpose of determining who did the act; but when the evidence of striking the blow is positive, admitted by the defendant and his counsel, evidence that he immediately ran from the place where he had taken the life of the deceased certainly could have no effect in the minds of the jury in determining the grade of the offense. Such evidence is only useful to unfold secrecy and point to the one who did the act.

In the case of *Rex* v. *Burdett*, 4 Barn. & Ald. 95, the chief justice said: "If no fact could be ascertained by inference in a court of law, very few offenders could be brought to punishment. In a great portion of trials, as they occur in practice, no direct proof that the party accused actually committed the crime can be given; the man who is charged with theft is rarely seen to break the house or take the goods; and in cases of murder, it rarely happens that the eye of any witness sees the fatal blow struck, or the poisonous ingredients poured into the cup."

On the same subject Mr. Justice Betts says: "Until it pleases Providence to give us means beyond those our present faculties afford of knowing things done in secret, we

must act on presumptive proof, or leave the worst crimes unpunished."

This same doctrine is recognized as sound by American jurists and authors. (Burrill on Circumstantial Evidence, 117, 124–126, 474–478; also chapter 22 of Burrill on Circumstantial Evidence, treating of the conduct, demeanor, and language after the commission of a crime.) When an offense has been committed and the offender is unknown, such evidence may point to the guilty party, but no further.

There is nothing in the record in the case before the court that shows that circumstantial evidence was even resorted to for the purpose of pointing out the defendant as having committed the act, and nothing to show that such evidence was resorted to for any purpose whatever. Counsel for the defendant admitted, upon the argument of this case (and the record shows the entire correctness of such admission), that the facts necessary to support the verdict were sustained by direct proof. The record also shows that after the district court ruled out the evidence offered by the defendant, the court did offer to permit the defendants to prove, that at the time the said defendants were so fleeing they were pursued by a mob, and not to escape from being arrested. This proof, it seems, the defendants did not attempt to make.

From the record in this case we are unable to find in the conviction of the defendant any error on the part of the district court; we are also of the opinion that a further trial of this cause could not properly release the defendant from the legal consequences of the crime charged against him.

The judgment of the district court must, therefore, be affirmed, with directions to that court to fix a proper day for the execution of the defendant, Ah Choy, and that the said court cause the sentence heretofore pronounced in this case to be executed.

Judgment affirmed.