## ROBERT BROCK v. STATE.

No. A-589.  Opinion Filed June 6, 1911.

**TRIAL—Instructions—Definition of Offense.** It is the duty of the trial court to instruct the jury as to the law of the case on trial, and this includes a definition of the offense sufficient to inform the jury what facts are necessary for the proof to establish in order to justify them in finding a verdict of guilty, and when this is not done a conviction had will be set aside.

(Syllabus by the Court.)

*Appeal from District Court, McClain County; R. McMillan, Judge.*

Robert Brock was convicted of assault with intent to rape, and appeals. Reversed and remanded.

*Ben F. Williams, Jr., H. R. Jacobs, C. T. Rice,* and *S. A. Horton,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for defendant in error. ant in error.

ARMSTRONG, J.   Plaintiff in error was convicted at the February, 1909, term of the district court of McClain county on a charge of assault with intent to commit rape, and sentenced to three years in the penitentiary.

There are many assignments of error urged for a reversal

of this cause, most of which appear to be well taken but involve questions that have been passed upon heretofore. Only one of the assignments we find necessary to consider, to wit, the assignment to the effect that the court erred in not defining in his instructions to the jury the offense alleged in the indictment. There is only one instruction in the record which indicates that the court intended in any way to define the crime charged. This instruction is as follows:

"You are told that rape is serious felony, one of the gravest kind, and an assault upon a female to commit rape is also a felony, and that every person who is guilty of an assault with intent to commit rape is guilty of a felony."

There is nothing in this charge to indicate to the jury what facts they must find true before they can find a verdict of guilty. That the trial court must define the offense charged is elementary. It is his duty to instruct as to the law of the case, and this includes a definition of the offense in the language of the law sufficient to inform the jury what facts are necessary for the proof to establish in order to justify the finding of a verdict of conviction.

The policy of the law is that all persons shall have a fair and impartial trial. It cannot be said that a fair and impartial trial has been had unless the jury has been properly instructed as to the law of the case, and when the instructions do not fully present all the material issues raised, the judgment of conviction must be set aside.

The instruction of the court, quoted *supra*, does not even attempt to define the offense charged, or inform the jury what essential propositions must be established by the proof in order to justify the verdict of guilty. The saying by the court that a certain offense is a serious felony certainly does not help a jury in determining the issues.

There are other errors urged, but we do not consider them material to the issues in this case; most of them are merely incidental to the trial and are not likely to occur on a re-trial of this cause.

The judgment is reversed, and the cause remanded for a new trial.

FURMAN, P. J., and DOYLE, J., concur.