## WARNER WILKERSON v. STATE.

No. A-5764. Opinion Filed May 14, 1927.

(256 Pac. 63.)

■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■ ■■■■■■■■

■■■■■

H. M. Jarrett, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

PER CURIAM. The plaintiff in error was convicted in the county court of Lincoln county on a charge of having possession of a still, and was sentenced to serve a term of 30 days in the county jail and pay a fine of $100.

Before entering upon the trial, plaintiff in error moved to suppress evidence as obtained within a residence without a valid search warrant, which was overruled. The proof is that the officers had a search warrant and went to the premises and told the mother of plaintiff in error, who was in charge, that they had a search warrant and were going to search the house, and she said to "go ahead." They did not serve the search warrant. It appears from the record that the search warrant was issued without any affidavit having been filed, and was, therefore, a nullity. It is well settled that when officers, desiring to make a search of premises, inform the person in charge of the premises that they had a search warrant, and such person then gives consent, it is not a waiver of the unlawful character of the search, so that, even if the plaintiff in error's mother could waive this right for him, it was not a waiver under the circumstances. Shockley v. State, 35 Okla. Cr. 437, 251 P. 514.

The evidence of the possession of a still is very meager. The evidence is:

" * * * Q. What else did you find there, if anything? A. A still; that is, a copper vessel. Nothing else. * * * Q. Is this what you call the still here? A. Yes, sir. Q. That is what you call a still? A. It is a copper vessel. * * * Q. Where was the boiler? A. In the oven of the stove and the keg was sitting in a little side room, sitting at the side of the house. Q. Have you seen stills set up in shape to operate? A. I never saw one running. That boiler shows that there had been something or other been screwed off and on to the top of it, I could not find that. * * * "

The vessel referred to as a still was not introduced in evidence. It is doubtful that this is sufficient proof that it was a still.

The instructions of the court nowhere define the offense for which the plaintiff in error was tried, and nowhere inform the jury what facts must be proven in order to warrant a conviction. They merely state that plaintiff in error is charged with having the possession of a still, with the intention of manufacturing intoxicating liquor, and then the jury, at great length, are told how to weigh the evidence and determine issues of fact, and the credibility of the witnesses. These instructions are wholly insufficient. The offense should be defined to the jury, and they should be instructed what facts are necessary to be proven in order to warrant a conviction. Brock v. State, 6 Okla. Cr. 23, 115 P. 1026.

The case is reversed and remanded.