## D. M. SMITH v. STATE.

No. A-6158. Opinion Filed May 26, 1928.
(267 Pac. 682.)

C. H. Wyand, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Woodward county on a charge of having the possession of whisky with intent to violate the prohibitory liquor law, and was sentenced to pay a fine of $50 and to serve 30 days in the county jail.

The record is very brief. From the evidence it appears that on the date charged there was a fair at the town of Woodward, and in the nighttime the defendant

and another went to a car which was parked along with many others, and defendant took from behind the cushion of the seat a half-pint bottle of whisky, and he and the other person took a drink out of it. Soon thereafter he was arrested, and on the following day a charge of drinking in a public place was lodged against him in the county court, to which charge he pleaded guilty and paid a fine of $50 and costs. This charge of possession was then filed against him. A plea of former jeopardy based on the charge of public drinking was made, which plea the court excluded.

It is impossible to tell from the record for what offense defendant was convicted. The instructions to the jury enumerate all of the offenses as they are enumerated in section 7009, Comp. St. 1921. The manufacturing, selling, bartering, giving away, or furnishing liquors or substitutes therefor; the manufacturing, selling, bartering, giving away, or furnishing any liquids or compounds of any kind containing as much as one-half of 1 per cent. of alcohol, and capable of being used as a beverage; the shipping or conveying of liquor from one place to another; the soliciting the purchase or the advertising; the having possession of any such liquors with the intention of violating any of the provisions of such chapter. The jury was not told for which of the enumerated offenses the defendant was on trial. No particular offense is defined to them, nor are they told what facts they must find before they can return a verdict of guilty. The verdict is no more definite; it simply finds the defendant guilty. It does not state of what offense defendant is guilty, nor does it refer to the charge in the information. The evidence might sustain a charge of having possession of whisky, the transporting of whisky, or the giving away or furnishing of whisky. It is settled by many decisions of this court that the trial judge, without request, should instruct the jury on all the essential elements of the of-

fense. Roberts v. State, 36 Okla. Cr. 28, 251 P. 612. The instructions should give the law of the case, including a definition of the offense sufficient to inform the jury what facts are necessary for the proof to establish in order to justify them in finding a verdict of guilty. Brock v. State, 6 Okla. Cr. 23, 115 P. 1026; Wilkerson v. State, 37 Okla. Cr. 43, 256 P. 63; Snelling v. State, 30 Okla. Cr. 280, 235 P. 943.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.