## DEWITT MARTIN v. STATE.

No. A-6122.   Opinion Filed June 28, 1930.
(289 Pac. 787.)

Jess L. Ballard and Richard L. Wheatley, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

WATTS, Special Judge. The defendant was charged jointly with Vet Thompson; he took severance and was tried in the district court of Mayes county for the crime of arson in the first degree. The information charges the offense was committed March 15, 1925; a conviction was had and the defendant was sentenced to serve a term of two years in the state penitentiary in harmony with the verdict of the jury, from which he appeals. Numerous errors are assigned going to the invalidity of the trial, verdict, and conviction. Section 2046, C. O. S. 1921, defines arson as "the wilful and malicious burning of a building, with intent to destroy it," and is divided into two degrees, as follows:

Sec. 2056. "Arson in the first degree is:

"First. Maliciously burning in the nighttime an inhabited building in which there is at the time some human being; or,

"Second. Maliciously burning in the nighttime a structure adjoining to or within the curtilage of an inhabited building in which there is at the time some human being, and in such a way that such inhabited building is endangered; or,

"Third. Maliciously burning in the daytime any inhabited building or structure in which merchandising is carried on; or,

"Fourth. Maliciously burning in the nighttime any uninhabited building in which merchandising is carried on, or in which there is at any time any cattle, horses, hogs or sheep.

"Arson committed in any other way is arson in the second degree."

Punishment.

Sec. 2057. "Arson in the first degree is punishable by imprisonment in the penitentiary as follows:

"First. If committed as designated in the first paragraph of the foregoing section, for a term of not less than twenty years, nor more than thirty years.

"Second. If committed as designated in the second, third or fourth paragraphs of said section, not less than ten nor more than twenty years."

Sec. 2058. "Arson in the second degree is punishable by imprisonment in the penitentiary as follows:

"First. If committed in the nighttime, not less than five nor more than ten years.

"Second. If committed in the daytime, not less than two nor more than seven years."

The information charges that the defendants "did, then and there willfully, unlawfully, maliciously and feloniously, and in the nighttime set fire to and burn a certain building, to wit, a dwelling house in the northwest quarter of section 10, township 22 north, range 20

east, said building being then and there the property of Lula Mae Coats and being then and there occupied and inhabited as a residence by James Davis and Inas Smith and that they the said D. Martin and Vet Thompson did then and there willfully, unlawfully, maliciously and feloniously set fire to and burn said building with the intent to destroy same by fire, contrary to the form of the statutes, in such cases made and provided, and against the peace and dignity of the state," which is arson in the second degree and the only charge which should have been submitted to the jury, but the court's instructions and the trial of the case was on the theory that the charge was arson in the first degree; such was erroneous, and violated defendant's substantial rights. Brook v. State, 6 Okla. Cr. 23, 115 Pac. 1026; Wilkerson v. State, 37 Okla. Cr. 43, 256 Pac. 63; Smith v. State, 40 Okla. Cr. 152, 267 Pac. 682. See, also, Russell v. State, 9 Okla. Cr. 692, 133 Pac. 475; Clemons v. State, 8 Okla. Cr. 452, 128 Pac. 739.

The attention of the trial court and counsel is called to the fact that chapter 60, Session Laws 1925, amending sections 2057 and 2058, C. O. S. 1921, was approved by the Governor March 31, 1925, and was not in effect at the time the offense is alleged to have been committed, therefore, section 2058, supra, and not the amendatory act mentioned is the applicable statute on punishment.

For reasons given, the judgment of the lower court is reversed, and a new trial is ordered.

EDWARDS, P. J., and CHAPPELL, J., concur.

DAVENPORT, J., disqualified.