# EARL EXLINE v. STATE.

No. A-7471.   Opinion Filed June 28, 1930.
(289 Pac. 783.)

Scott, Haunstein & Wells, for plaintiff in error.

The Attorney General, and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Garfield county on a charge of having possession of narcotics, and his punishment fixed at a fine of $500 and imprisonment for a term of two years in the penitentiary. The evidence in the case is undisputed and conclusive as to the guilt of the defendant.

Counsel for defendant assign and argue but one question:   That the trial court committed error in giving instruction No. 11, for the reason that the same invades the province of the jury and assumes as proven a material issue in the case.   The instruction complained of is erroneous and should not have been given; but under all the facts and circumstances as they appear in the record, the defendant was not injured thereby.   It appears from the record that the court had instructed the jury.   That

the state had made its opening argument, and that the defendant's counsel in arguing the case had contended it was not only incumbent upon the state to prove that the defendant was in possession of the narcotic, but that the same had not been obtained by the defendant in lawful manner, upon the prescription of a physician. It is apparent that the court gave the instruction complained of to correct any erroneous impression that might have been made upon the minds of the jury by the argument of defendant's counsel.

This court can see no good reason why the instruction complained of was given. However, it is not such a comment on the evidence, nor does it shift the burden of proof to the defendant to such an extent, as to require a reversal of the case. It is not every error in the instructions that requires a reversal of a criminal judgment under the statutes of this state. In the case at bar the state made out a clear case of guilt and the defendant made absolutely no defense. The conviction is just, and no honest and intelligent jury could have arrived at any other conclusion irrespective of the giving of the instruction complained of.

In the case of Hooper v. State, 7 Okla. Cr. 43, 121 Pac. 1087, this court said:

"When an error has been committed upon the trial of a case, it is the duty of this court upon an inspection of the entire record to determine whether or not the defendant suffered any material injury from such error. Unless such injury appears, the error will not be ground for reversal." Holmes v. State, 18 Okla. Cr. 415, 195 Pac. 508; section 2822, C. O. S. 1921.

In view of the fact that no defense was made to the charge and in view of the decisions of this court, the judgment must be affirmed. For, in addition to the fact

that the jury were not misled by the instruction complained of, it is apparent that no miscarriage of justice resulted and that the error complained of was not sufficient to require a reversal of the case when the entire record is considered.

For the reasons stated the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.