## TAH DO QUAH v. STATE.

No. A-9199.   July 16, 1937.
(70 Pac. 2d 818.)

140

McFadyen & McFadyen, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error was by information charged with the crime of second-degree forgery, was convicted and sentenced to serve a year and two months in the state penitentiary; motion for new trial was filed, considered, overruled, and the record properly saved, and the plaintiff in error hereinafter referred to as the defendant has appealed.

The testimony in this case is brief, the state showing that the defendant in this case presented to C. S. Stephenson, manager of the R. C. Anthony Company, of Anadarko, a ticket or order for merchandise for $25 purporting to be signed by W. E. McCowan, superintendent of the Kiowa Agency, on or about the 20th day of September, 1935; that the name was forged to the order; that the defendant procured on said $25 order for merchandise $6.33, the remainder of the order being to the credit of the defendant at the Anthony store.

The defendant, Tah Do Quah, testifying in his own behalf, stated he belonged to the Comanche Tribe of Indians; his family consisted of his wife and children, and his mother; that he lived about 2½ miles east of Fletcher, in Comanche county, Okla.

"I live on a farm, and tried to get work at different places; I was in hard shape, almost on starvation; my immediate family owned 500 acres of land; I had been trading at the Anthony store a long time; I got those orders at the agency office; I exchanged one of them for some clothing; the order is in my name and I wrote Mr. McCowan's name. After I got the orders I went home and wrote them down home and come on back and got the stuff. When I received the orders they were blank; I got them both the same day. I signed Mr. McCowan's name to this one, both together. The reason for signing them was my entire family was on starvation and needed clothes, and I had back rents and I went to the office for that and they laughed at me; I went to Mr. Gillette and went to Mr. McCowan and they both turned me down, made fun of me for asking; and after going to my renter and he promised to send me the money on the 10th of August, I waited for the money until that time; I went to the office and got those orders; I asked them to help me and they would not do it, and I wanted it and signed them."

The foregoing is the testimony. The defendant does not deny signing the Superintendent McCowan's name to the order.

Several errors have been assigned by the defendant, which errors have been carefully studied and considered by the court for the reason that the record discloses a pitiful condition of the defendant, showing him to be an Indian of limited experience, and, as shown by the testimony, which is uncontradicted by the state, he tried to get work to provide for his family and failed to do so. The family owned 500 acres of land, and the tenants through the agency, who had a superintendent to look after the Indians' business, had failed to pay the rent. In his desperation the defendant violated the laws of his country and does not deny it.

The record in this case clearly shows that this defendant is not a criminal at heart, but in his desperation was tempted and without authority forged the name of the Superintendent McCowan, of the Kiowa Agency, to the order and procured a small amount of dry goods. The evidence is sufficient to sustain a conviction.

Section 3204, O. S. 1931 (22 Okla. St. Ann. § 1066), is as follows:

"The appellate court may reverse, affirm or modify the judgment appealed from, and may, if necessary or proper, order a new trial. In either case, the cause must be remanded to the court below, with proper instructions, and the opinion of the court, within the time, and in the manner, to be prescribed by rule of the court."

After a careful consideration of the circumstances and evidence contained in the record, we believe the punishment of one year and two months in the state penitentiary imposed upon the defendant is excessive and should be modified from a year and two months to 90 days, and, as modified, the judgment is affirmed.

DOYLE and BAREFOOT, JJ., concur.