# ADAMS v. STATE.

No. A-11233.   Feb. 14, 1951.

(228 P. 2d 195.)

334

Floyd O. Yarbrough, Pawhuska, and Lee Williams, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Claude Adams, was charged by an information filed in the district court of Osage county with the crime of murder; was tried; convicted of manslaughter in the first degree; and pursuant to the verdict of the jury was sentenced to serve five years imprisonment in the State Penitentiary; and has appealed.

In answer to the brief of the defendant the Attorney General has filed a brief in which he states:

"It was the theory of the state that the defendant assaulted deceased with his fists, knocked him down and then got on him and beat him to death. There was evidence to support this theory, sufficient evidence, we think, to have justified the jury in finding the defendant guilty. On the other hand, it was the theory of the defendant that he and deceased engaged in a fist fight; that deceased reached back with his hand toward a beer bottle in deceased's right hip pocket and that defendant thereupon reached for him, swung him around and hit him with his fist; that deceased fell and that defendant did not strike or otherwise injure or even touch him after he had fallen. There was evidence on the part of the de-

fendant and his brother in support of this contention, some slight additional support being found in the testimony of a third witness. It was defendant's theory that deceased must have struck his head on a concrete step or walk near which his body was lying and that death resulted from the injury thereby sustained. Counsel for the defendant requested an instruction on excusable homicide resulting from accident or misfortune. The court refused to give this instruction and did not submit to the jury any instruction upon the subject. We feel that defendant was entitled to have an instruction submitting this theory."

The evidence disclosed that on February 23, 1945, the defendant, Claude Adams, together with his brother, Audie Adams, and the deceased, Dick Morris, had been drinking intoxicating liquor, mostly beer, although some whisky had been drunk. A case of beer was purchased and taken by these parties to the Osage Cafe in the town of Osage, and more drinking occurred and some boisterous conduct. The deceased, Dick Morris, especially was very boisterous and attempted to start a fight with the defendant in the cafe. Mrs. Harper, owner of the cafe, told the parties to leave. The Adams brothers walked out first with the deceased closely behind. There was some proof by the state that as quickly as the deceased emerged from the cafe the defendant struck him a blow with his fists which knocked him down on the concrete pavement in front of the cafe and that the defendant then proceeded to strike the deceased several blows with his fists while he was lying on the pavement. The evidence of the defendant was that the deceased jerked him around and struck at him shortly after they had stepped out of the cafe and that he struck back; that the deceased had a bottle of beer in his hip-pocket and reached for it and the defendant then struck him with his fists, knocking him against the concrete curb, and that the fall against

the curb was what caused the death of the deceased and not the blows from the fists of the defendant. There was much other testimony, but the above is substantially a statement of the contentions of the respective parties and is sufficint for the purpose of discussing the assignments of error.

The confession of error by the Attorney General is well taken.

Defendant requested the following instruction:

"Defendant's Requested Instruction No. 3.

"You are further instructed that homicide is excusable in the following cases: when committed by accident and misfortune, in the heat of passion, upon sudden and sufficient provocation, or upon any sudden combat, provided that no dangerous weapon is used and the killing is not done in a cruel and unusual manner; and in this connection you are instructed that, if the homicide was committed by the defendant by accident and misfortune in the heat of passion, upon any sudden or sufficient provocation, or upon a sudden combat, and that the killing was not done in a cruel and unusual manner and not with a dangerous weapon, the homicide would be excusable, and you should find the defendant not guilty."

This requested instruction was refused and there was no instruction given submitting the issue of excusable homicide as provided by the statute. 21 O.S. 1941 § 731. The court also erred in refusing to give defendant's requested instruction No. 4 as follows:

"You are further instructed that 'misfortune' is analogous to the word 'misadventure' which, when applied to homicide, means the act of a man who is doing any lawful act and without any unlawful intent unfortunately kills another.

"And in this connection you are instructed that if you find and believe from the evidence, facts, and cir-

cumstances in the case that the deceased struck or struck at the defendant and made it reasonably to appear to the defendant, from his viewpoint, that the deceased's intention was to assault him and do him bodily harm, then under these circumstances defendant would have a right to defend himself and in so doing would be doing a lawful act within his own right, and he was not bound to measure the extent of the injury about to be done before he would be justified in defending himself."

In Mead v. State, 65 Okla. Cr. 86, 83 P. 2d 404, 409, the defendant was convicted of manslaughter resulting from striking the deceased with his fists. In the opinion this court stated:

"St. 1931, § 2235, 21 Okla. St. Ann. § 731, of the Penal Code provides that homicide is excusable: '2. When committed by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat provided that no undue advantage is taken, nor any dangerous weapon used, and that the killing is not done in a cruel or unusual manner.'

"Another provision of the Penal Code, St. 1931, § 1867, 21 Okla. St. Ann. § 643, provides among others, that 'To use or attempt to offer to use force or violence upon or toward the person of another is not unlawful', when committed by the party about to be injured, in preventing or attempting to prevent an offense against his person; provided the force or violence used is not more than sufficient to prevent such offense.

"'* * *

"It is contended that the evidence is not sufficient to support the verdict and the judgment rendered thereon.

"It will be observed that the evidence, both on behalf of the State and that of the defendant, shows that the defendant was at a place where he had a right to be; that the deceased was the aggressor, used abusive language, and made an assault upon the defendant, and the

testimony of all the witnesses shows, or tends to show that the alleged homicide was committed by accident and misfortunate, in the heat of passion, upon sudden provocation, and that no undue advantage was taken, nor any dangerous weapon used, and without any unlawful intent. The testimony on the part of the defendant was that the blow struck by the defendant was for the purpose of preventing the deceased continuing in his assault upon the defendant.

"In construing this Section, this court has said: The word 'misfortune' as used in section 2235, defining excusable homicide, is analogous to the word 'misadventure,' which, when applied to homicide, means the act of a man who in doing any lawful act and without any unlawful intent unfortunately kills another person. Gaunce v. State, 22 Okla. Cr. 361, 211 P. 517.

"That every man has the right to defend himself against any assault is elementary. No man is bound to measure the extent of an injury about to be done before he would be justified in defending himself.

"Accidental death, to be wholly excusable, must have resulted from the doing of some lawful act. Johnson v. State, 59 Okla. Cr. 283, 288, 58 P. 2d 156; Tucker v. State, 41 Okla. Cr. 169, 272 P. 483.

"Ruling Case Law, Vol. 13, p. 863, Sec. 166, reads in part as follows: 'When the death of a human being is the result of accident or misadventure, in the true meaning of the term, no criminal responsibility attaches to the act of the slayer. When it appears that a killing was unintentional, that the perpetrator acted with no wrongful purpose in doing the homicidal act, that it was done while he was engaged in a lawful enterprise, and that it was not the result of negligence—the homicide will be excused on the score of accident.' "

In the case of Gaunce v. State, 22 Okla. Cr. 361, 211 P. 517, 518, this court distinguished between justifiable homicide and excusable homicide, as follows:

"There is an important difference between justifiable homicide and excusable homicide, as defined by our Compiled Statutes 1921, §§ 1752, 1753 (21 O.S. 1941 §§ 731, 732). Justifiable homicide is the taking of human life under circumstances of justification, as a matter of right, such as self-defense, or other causes set out in the statute. Excusable homicide is where death results from a lawful act by lawful means, accomplished accidentally or by misfortune or misadventure, or so accomplished with sufficient provocation, with no undue advantage and without unnecessary cruel treatment. Wadsworth v. State, 9 Okla. Cr. 84, 130 P. 808."

In Palmer v. State, 78 Okla. Cr. 220, 146 P. 2d 592, 595, the defendant was convicted of manslaughter resulting from his act in striking the deceased with his fists and knocking him against a concrete curb. In reversing the case because of error of the court in refusing to submit the issue of excusable homicide this court stated:

"Title 21 O.S. 1941 § 731 provides:

" 'Homicide is excusable in the following cases: * * *

" '2. When committed by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat provided that no undue advantage is taken, nor any dangerous weapon used, and that the killing is not done in a cruel or unusual manner.'

"In the case of Johnson v. State, 59 Okla. Cr. 283, 58 P. 2d 156, in construing this statute in a similar case, it was held: 'In prosecution for manslaughter in first degree by striking decedent on head with fist, refusal of instruction that homicide is excusable when committed by accident and misfortune, in heat of passion, upon sudden and sufficient provocation, or upon sudden combat, provided no dangerous weapon is used and killing is not done in cruel and unusual manner, held error.'

"See, also, Mead v. State, 65 Okla. Cr. 86, 83 P. 2d 404.

"In the case of People v. Hampton, 96 Cal. App. 157, 273 P. 854, 855, it was held in construing the statute of California, which is in identical language with that of Oklahoma, as follows: 'Where evidence showed that defendant struck deceased when reprimanded for his conduct, and knocked deceased down, causing his head to strike sidewalk, from which he died, defendant was entitled to have submitted to jury question whether homicide was excusable when committed in heat of passion on sudden provocation or on sudden combat, within Pen. Code, § 195.' "

See, also, Elix v. State, 77 Okla. Cr. 45, 138 P. 2d 139, 140, wherein it was stated:

"Whether in any particular case the homicidal act was the result of accident must be gathered from all the facts and circumstances surrounding the transaction, and this is a question for determination of the jury under proper instructions."

We think the court further gave an erroneous instruction on self-defense wherein he limited the defendant in his right of self-defense to a situation where he was in "imminent actual peril of his life or of great bodily injury". Such instruction by the court would have been proper in the ordinary homicide case, but in a case such as this, where all the proof showed that defendant only struck the deceased with his fists and defendant contended that he was only repelling a similar assault made upon him by the deceased, the court by its instruction which was given took away from the defendant the right to strike the deceased with his fists in repelling the assault made upon him because the defendant would have been justified in his own self-defense in repelling the assault made by the deceased with his fists by striking the deceased with defendant's fists.

A similar situation was presented to this court in the case of Johnson v. State, supra, in which this court stated:

"In instructions Nos. 15, 17, 18, 20, and 21, the court limited the right of self-defense to reasonable apprehension of a design to commit a felony, or to do some great personal injury, and imminent danger of such design being accomplished. In other words, the instructions given by the court denied to the defendant the right accorded him by the statute to defend himself against any assault about to be committed upon or against him.

"In this character of case, such is not the law; that every man has the right to defend himself against any assault is elementary. No man is bound to measure the extent of the injury about to be done before he would be justified in defending himself."

The judgment and sentence of the district court of Osage county is reversed and remanded with instructions to retry the defendant in accordance with the views herein expressed.

BRETT, P. J., and POWELL, J., concur.