HELEN WANEMA LAWRENCE, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 3872

October 15, 1956.                    302 P.2d 285.

(Rehearing denied November 27, 1956. See 72 Nev. 286 for Opinion.)

*Jones & Pursel,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, State of Nevada; *George M. Dickerson,* District Attorney, Clark County; *Gordon L. Hawkins,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, EATHER, J.:

This is an appeal taken by the defendant below from judgment of conviction of the crime of murder in the first degree and from sentence of life imprisonment.

On March 3, 1954, on a street in Las Vegas, Clark County, Nevada, defendant shot her former husband, Phare Lawrence, and 13 days later, following medical and surgical treatment, he died.

Two defenses were asserted at trial and are reflected in this appeal. First, defendant contends that the State failed to establish that the bullet wound was the cause of death. This contention is based upon the fact that the medical testimony in evidence is in a state of utmost confusion and inconsistency. The merits of this contention we are not called upon to decide in the light of our views with respect to the second defense.

Defendant also contends that her mental, physical and emotional condition at the time of the shooting was such as to preclude the existence of the first degree malice and premeditation and that the facts show provocation for her action. Numerous assignments of error are made in this respect. We need consider only those going to the exclusion of certain testimony.

The record shows that the defendant and the deceased were married in 1933. In 1950 defendant suffered a case of poliomyelitis. In the course of recovery she became addicted to drugs. She sought cure and by 1953 she had effected a cure from her addiction. In March, 1953, the

defendant and deceased were divorced. At that time the home in which they were living was owned by the defendant as her separate property. By the divorce decree, based upon separation agreement, the home was awarded to the deceased. Defendant, however, continued to live in it until January, 1954 when she was ejected against her will by the deceased. At that time, according to witnesses for the State, but denied by the defendant, she made threats against the life of the deceased. The deceased remarried and at the time of the shooting was living in the defendant's former home with his new wife. From the time of the divorce defendant commenced excessive use of alcohol and just prior to the shooting had consumed a substantial amount of liquor. Defendant testified that at the time of the shooting she had been trying to persuade the deceased to return her former home to her and had suggested that in the event of his refusal she would bring legal action; that the deceased had countered with a threat that if she brought action her body would wind up on the desert.

Defendant offered to prove that in October, 1952, she had observed her husband in intimate embrace with another woman; that in March, 1953 her physical condition was extremely poor; that she had just been discharged from a sanitarium in California and upon her return to Las Vegas had been met by a demand for a divorce from her husband; that her husband, for tax reasons, was unable to make a full disclosure of his assets; that he prevailed upon defendant to accept the property settlement under the promise that the home would be deeded back to her and that he would seriously consider reconciliation and remarriage; that following the divorce and until January, 1954, he reiterated these promises to defendant; that in January, 1954, he advised defendant that the six months' period within which a modification of the divorce decree might be sought had expired and that the decree and settlement were final and binding; that the house would not be returned and

that there would be no reconciliation; that it was at that time that defendant was ejected from her home; that when in Las Vegas, after that time, she seemed to be drawn as by a magnet to the home where she could see the deceased with his new wife enjoying the home that had been hers, and the wedding gifts that had been hers.

All of this testimony was rejected by the court as immaterial. It ruled that it would not retry the Lawrence divorce case; that the title to the home was not in issue; that the deceased's widow was not on trial.

But no one sought to reopen the divorce case. No one sought to recover the home. No one sought to assert alienation of affections. Defendant simply sought to show provocation and circumstances which the jury might find to have materially affected her state of mind. Under no circumstances could such testimony be held immaterial. It constituted the very heart of the defendant's defense and should have been admitted for jury consideration. Whisenhunt v. State, Okla.Cr., 279 P.2d 366: Hill v. State, 27 Ala.App. 55, 166 So. 60: Ward v. State, 96 Tex.Cr.R. 278, 257 S.W. 536.

Reversed and remanded for new trial.

MERRILL, C. J., and BADT, J., concur.