**Nathan ELLIS, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant In Error.**

**No. A–12498.**

Criminal Court of Appeals of Oklahoma.

Nov. 13, 1957.

Hughes & Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Nathan Ellis, defendant below, was charged by information in the District Court of Custer County, Oklahoma, jointly with one Sylvester Bearshield, with the crime of murder, 21 O.S. 1951 §§ 701–707, allegedly committed on or about September 21, 1956. A severance was asked and granted and this defendant tried separately by a jury, convicted, and the punishment fixed at life imprisonment in the state penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The facts in this case present no difficulty whatsoever. The testimony of Mrs. Gladys Quick, wife of the deceased, and her daughter, Mary Virginia, although in strong conflict with the testimony offered by Ellis and Bearshield, is amply sufficient to support the conviction if believed by the jury. We have repeatedly held under numerous cases that even when the evidence in a criminal case is in conflict, such a situation presents a question of fact for the determination of the jury, and if there is any evidence reasonably tending to support the jury's verdict, it will not be vacated or set aside for insufficiency of evidence. Criner v. State, Okl.Cr., 312 P.2d 903; King v. State, Okl.

Cr., 305 P.2d 589; Dodson v. State, Okl.Cr., 284 P.2d 437.

To the charge herein alleged, the defendant entered a plea of not guilty and his testimony was to the effect that he did not strike the deceased at any time with any thing, but when he saw the encounter between the deceased and Sylvester Bearshield, he became frightened and ran from the scene and did not see a blow struck on either side. Bearshield corroborated the defendant on the foregoing testimony. The record discloses that Victor Quick died as the result of severe wounds on the left side of his face and neck, arm and armpit, said wounds being inflicted with the neck of a broken quart bottle that had contained home-brew beer, and a knife, as testified to by the witnesses for the state. The defendant, Nathan Ellis, at no time interposed self defense or a plea of justifiable homicide.

Notwithstanding these facts, the trial court in instruction No. 2 instructed the jury to the effect that when the commission of a homicide by the defendant is proven or admitted, the burden of proving the circumstances of mitigation or that justify or excuse it devolves upon the defendant. Thereafter, the court at great length instructed the jury on what constituted justifiable homicide and stated that in this case the defendant, in support of his plea of not guilty, claims as a justification of the alleged assault, that he acted in self defense. The court then further instructed the jury on the theory of self defense in six other instructions. The defendant excepted to all the above referred instructions except the first one dealing with circumstances of mitigation and justification.

On the question of the court's instructions in a situation such as the case at bar, this Court has repeatedly held:

"Instructions should be applicable to facts in evidence, and to all proper deductions and interpretations thereof, and not to questions not presented or covered by evidence. * * *

"The policy of the law is that all persons shall have a fair and impartial trial. It cannot be said that a fair and impartial trial has been had unless the jury have been properly instructed as to the law of the case; and where the instructions do not fully present all the material issues raised, the judgment of conviction will be set aside." Adams v. State, 93 Okl.Cr. 333, 228 P.2d 195.

We have further held that instructions to the jury should conform to the charge in the information, the defense interposed, and the testimony in the case. Smith v. State, 90 Okl.Cr. 98, 210 P.2d 675; Stokes v. State, 86 Okl.Cr. 21, 189 P.2d 424, 190 P.2d 838; Forrester v. State, 45 Okl. Cr. 205, 282 P. 682, 683. In the latter case, in the syllabus, the Court said:

"It is error in a court in a homicide case to give to the jury instructions which are not relevant to the evidence and which may mislead the jury to the prejudice of the defendant.

"In charging the jury due regard must be had to the state of the case, the character and amount of proof, and the law as stated to the jury must be applicable to the pleading and testimony.

"Where, in a prosecution for murder, defendant's sole defense was that he did not commit the act, it was error to instruct that, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation or excuse devolved on him, since it was not applicable to the case."

In the body of the opinion, it was further said:

"It is conceded that the instructions given embody correct propositions of law applicable to pleas of self-defense, but such instructions were not relevant to the evidence and were not based upon or in conformity with the issues in the case, and we are to determine whether or not the defendant was prejudiced thereby. When the trial judge told the jury that the homicide had been admitted by the defendant and

that the burden of proving circumstances of mitigation or excuse devolved on him, we think it was prejudicial. As stated above the defendant did not undertake to justify this homicide, he did not admit it, and he made no effort to mitigate or excuse it. When the trial judge stated to the jury that the defendant did admit the homicide, he went beyond the record, and, finding the defendant without any evidence of mitigation or excuse, it was the equivalent to instructing the jury to return a verdict of guilty against him. To state the proposition differently: The court advised the jury it was the duty of the defendant to justify or excuse a homicide that he denies he committed. We cannot say that such instructions did not influence the jury to the prejudice of the defendant, and we are inclined to think that they did so influence the jury. It is difficult to imagine why such instructions should have been given, because they were not all applicable to the case, and, believing that they were to the prejudice of the defendant, the judgment of the court below should be reversed, and the cause remanded for a new trial to the district court of Custer county, Okla."

Such is the situation in the case at bar. At no time did the defendant herein offer testimony upon which instructions dealing with a plea of self defense could be based. We are therefore of the opinion that the instructions dealing with self defense were prejudicial to the defendant. The case is accordingly reversed and remanded for a new trial with instructions to the trial court to confine his instructions to the information, the plea, and the testimony on the new trial.

POWELL and NIX, JJ., concur.