Nathan ELLIS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12633.

Criminal Court of Appeals of Oklahoma.
Oct. 22, 1958.

**416**

Hughes & Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., John W. Donley, County Atty., Arapaho, for defendant in error.

NIX, Judge.

The plaintiff in error, hereinafter referred to as the defendant, was charged by information with the crime of Murder in the District Court of Custer County. He was tried before a jury, found guilty of Manslaughter, and his punishment fixed at 60 years in the Oklahoma State Penitentiary.

The defendant lodged his appeal in this Court on the 17th day of June, 1958. It was set for oral argument on July 30, 1958, at which time oral argument was waived. The case was submitted on record on September 10, 1958. No briefs were filed.

This court has consistently held that:

"Where the defendant appeals from a judgment of conviction and no briefs are filed, nor argument presented, this court will examine the evidence and ascertain if it supports the verdict, and will make an examination of the information, instructions excepted to, and the judgment, and if no material error is apparent, the judgment will be affirmed." Hulsey v. State, 82 Okl.Cr. 332, 169 P.2d 771.

In compliance with this rule, we have carefully examined the record and find no error which would justify reversal. The record of this court reflects that the facts of this case were set out in detail in an opinion rendered by this court (Ellis v. State, Okl.Cr., 318 P.2d 629), wherein this court reversed said cause and remanded it for a new trial. This being the second trial, it is unnecessary to encumber this decision by reiterating the facts as shown by the testimony.

The information properly charges the defendant. The evidence is ample to support the verdict and the instructions give a fair and correct statement of the law. The defendant filed no brief supporting any contention of error.

The case is therefore affirmed.

BRETT, P. J., and POWELL, J., concur.