Nathan J. ELLIS, Petitioner,

v.

Robert R. RAINES, Warden, Oklahoma
Penitentiary, Respondent.

No. A–12853.

Court of Criminal Appeals of Oklahoma.
April 6, 1960.

Nathan J. Ellis, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

This is an original proceeding in habeas corpus wherein the petitioner seeks his release from the State Penitentiary.

The records of this Court reveal that this petitioner was charged in the district court of Custer County along with one Sylvester Bearshield, with the murder of Victor Click. A severance was granted, and the jury found the petitioner herein guilty and he was sentenced to life imprisonment. An appeal was perfected to this Court, and by reason of certain instructions given the jury, the case was reversed and remanded for a new trial. See Ellis v. State, Okl.Cr., 318 P.2d 629.

Petitioner was subsequently tried again, found guilty of the included offense of manslaughter in the first degree and the jury fixed his punishment at 60 years in the State Penitentiary. This case was also appealed, and the judgment and sentence was affirmed. Ellis v. State, Okl.Cr., 331 P.2d 415.

This proceeding is filed by the petitioner without the aid of an attorney. He complains of prejudicial remarks of the county attorney in the course of his second trial; and of the admission of improper evidence, and that he was not given a fair and impartial trial.

All of the matters and facts set forth in the petition filed herein, if true, were in existence and known to petitioner and his counsel at the time the appeal herein was filed. We have consistently said that this Court will not permit an accused to appeal his judgment of conviction and speculate upon his chances of securing a reversal, and then, after the judgment of conviction is affirmed, come into court in a habeas corpus proceeding and raise the same or other grounds which might entitle the petitioner to a new trial or his release from custody. To do so would not be conducive to the efficient administration of our criminal laws. If this were not so, then a criminal case would never end, but after trial and conviction, the court would be called upon to again try the issues by habeas corpus; and so far as we have been able to ascertain, this Court has never issued the writ of habeas corpus for the purpose of releasing a petitioner from confinement after the prisoner has had his judgment of conviction reviewed and affirmed by this Court. Ex parte Herren, 74 Okl.Cr. 154, 124 P.2d 276; Ex parte Booth, 74 Okl.Cr. 406, 126 P.2d 751; Ex parte Baker, 76 Okl.Cr. 396, 137 P.2d 242, 243; Ex parte Washington, 92 Okl.Cr. 337, 223 P.2d 552; DeWolf v. State, 96 Okl.Cr. 382, 256 P.2d 191, certiorari denied De Wolf v. Waters, 345 U.S. 953, 73 S.Ct. 871, 97 L.Ed. 1375.

The writ of habeas corpus is denied.

NIX and BRETT, JJ., concur.