Nathan Jerry ELLIS, Appellant,

v.

Robert R. RAINES, Warden, Oklahoma State Penitentiary, Appellee.

No. 6726.

United States Court of Appeals
Tenth Circuit.

Aug. 25, 1961.

David D. Mulligan, Denver, Colo., for appellant.

Fred Hansen, Asst. Atty. Gen., for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and HUXMAN, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying an application for a writ of habeas corpus.

Appellant was convicted of the crime of murder in a district court of the State of Oklahoma. This conviction was reversed by the Oklahoma Court of Criminal Appeals and remanded for new trial. Ellis v. State, Okl.Cr., 318 P.2d 629. During the course of the re-trial, testimony of a witness who had testified in the first trial and who, although properly subpoenaed, failed to appear at the second trial, was received in evidence over the objection of Appellant. A direct appeal from the second trial was taken and the Oklahoma Court of Criminal Appeals affirmed. Ellis v. State, Okl.Cr., 331 P. 2d 415. Appellant then filed a petition for a writ of habeas corpus in the Oklahoma Court of Criminal Appeals raising, for the first time, the alleged error of the trial court in admitting into evidence the transcribed testimony of the absent witness. The Oklahoma Court of Criminal Appeals denied the petition on the ground that the alleged error should have been raised on direct appeal and was not a proper issue for collateral attack. Ellis v. Raines, Okl.Cr., 351 P.2d 407, certiorari denied 364 U.S. 849, 81 S.Ct. 93, 5 L.Ed.2d 73.

Having exhausted his remedy in the State courts of Oklahoma, appellant, who is incarcerated in the Eastern District of Oklahoma, filed a petition for a writ of habeas corpus in the United States District Court for that judicial district, alleging that the admission into evidence of the transcribed testimony of the absent witness had deprived him of "due process of law." The United States District Court for the Eastern District of Oklahoma denied the petition, and this appeal followed.

■■ We agree with the Oklahoma Court of Criminal Appeals that the error, if any, was cognizable only on direct appeal—not on collateral attack. Moreover, we are certain that the admission of the evidence complained of did not operate to deprive the appellant of the essentials of due process vouchsafed to him by the Fourteenth Amendment. See Odell v. Hudspeth, 10 Cir., 189 F.2d 300.

The judgment of the District Court is therefore affirmed.