**Richard Lee KINSER, Petitioner-Appellant,**

v.

**Bennett J. COOPER, Superintendent Ohio State Reformatory, Respondent-Appellee.**

**No. 19034.**

United States Court of Appeals
Sixth Circuit.
July 25, 1969.

Eugene W. Youngs, Cincinnati, Ohio, for appellant.

Leo J. Conway, Asst. Atty. Gen. of Ohio, Columbus, Ohio, for appellee, William B. Saxbe, Atty. Gen. of Ohio, Columbus, Ohio, on brief.

Before PHILLIPS and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

Richard Lee Kinser, petitioner-appellant, is confined in the Ohio State Reformatory at Mansfield, Ohio, serving a three to twenty year sentence under conviction in the Common Pleas Court of Cuyahoga County, on a charge of rape. (Ohio Revised Code Section 2905.01) After exhausting his state remedies he petitioned the United States District Court for the Northern District of Ohio for a writ of habeas corpus. His appeal upon denial of his petition by the District Court is now before us.

Kinser was tried jointly with one Albert E. Chapman who was indicted for aiding and abetting [1] Kinser in the perpetration of the crime. It is claimed by the subject of the offense that Chapman held her hands while Kinser disrobed her. There is no dispute about the act of sexual intercourse. The victim of the alleged rape claimed that it was by force and Kinser, whom we will refer to as appellant, claimed that it was by consent.

At the trial the appellant took the witness stand and testified in his own behalf but his co-defendant availed himself of his constitutional right not to testify. This failure of Chapman to testify was made the subject of comment to the jury by the prosecutor. At the time of this trial this was legal and recognized practice in Ohio. Article I, Section 10 and Ohio Rev.Code Section 2945.43 both provided that a defendant in a criminal case could not be compelled to testify but that his failure to testify could be considered by the court and jury and could be made the subject of comment by counsel. This trial took place in April 1965 and in the same month, subsequent to the trial, the Supreme Court held that the right of the court or counsel to comment in a trial in a criminal case upon the failure of a defendant to testify was repugnant to the due proc-

---

1. "Any person who aids, abets, or procures another to commit an offense may be prosecuted and punished as if he were the principal offender." Ohio Rev.Code App., Title 29, 1.17.

ess clause of the Federal Constitution. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106. In Tehan v. United States ex rel. Schott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453, the court held that the rule announced in *Griffin* was applicable in all cases in which the remedies of direct appeal had not been exhausted on the date of the *Griffin* decision. Thus it is applicable to this case and the codefendant, Chapman, subsequently had his conviction reversed on that ground.

Prior to the trial, and we assume not specifically for this trial, the jurors were given a booklet entitled, "Information for Trial Jurors", which contained among other instructions the following:

> "The defendant in a criminal trial has the absolute right to testify as a witness in his own behalf, or not to testify, as he may determine. He cannot be forced to become a witness. The failure of a defendant to testify may be considered by the court and jury and may be made the subject of comment by counsel."

One of the claims made by the appellant is that his constitutional rights were violated by the comment of the prosecutor to the jury and the instruction to the jurors in the booklet with reference to the failure of Chapman to testify.

 We agree that the purpose of the no comment rule is to guarantee to a defendant his Fifth Amendment right to not be required to testify against himself and that it is a personal privilege. However, we perceive the question here to be whether the error of the trial judge (as subsequently determined) of allowing the prosecutor to comment to the jury on the failure of Chapman to testify and the instruction to the jury on the same subject was prejudicial to the appellant and prevented him from having a fair trial.

One of the effects of the failure of a defendant to testify in his own behalf is obviously an evidentiary inference of guilt. In considering the effect on the appellant of his co-defendant's failure to testify we must keep in mind that the co-defendant was only charged with aiding and abetting the appellant in committing the crime. Chapman could not be convicted of a crime unless Kinser was convicted. If Kinser did not commit a crime there was no crime in which Chapman could have aided in committing.

Chapman could have denied pertinent testimony of the alleged victim that she screamed and struggled against the advances of the appellant, that he held her hands while Kinser pulled her clothes off, and that Kinser threatened her with a knife and other acts of violence. He could have confirmed certain pertinent testimony of the appellant that all was quiet and that there was apparent consent. If then Chapman's failure to testify left an inference of guilt, of what was he guilty? It could only have been that he was guilty of assisting Kinser in raping the alleged victim. There was no independent crime with which Chapman was charged or of which he could have been convicted. It is not like a joint indictment of two persons for a crime where either one or both may be convicted.

The testimony of Kinser and the alleged victim was diametrically in conflict. It might very well be that the failure of Chapman to testify tipped the scales in favor of his guilt. If he were guilty of aiding and abetting in the commission of the crime, necessarily Kinser had to be guilty of committing it.

Chapman's failure to testify was in the nature of a confession which implicated his co-defendant Kinser. As we have said on some previous occasions the trend of the courts is to abandon the fiction that if a confession of a defendant implicates his co-defendant there is no prejudice to the co-defendant if the trial judge admonishes the jury that the confession can only be considered against the defendant who made it. United States v. Smith, 6 Cir., 403 F.2d 74, 76;

Townsend and Terry v. Henderson, Warden, 6 Cir., 405 F.2d 324; West v. Henderson, Warden, 6 Cir., 409 F.2d 95. See also Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476; Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250.

■ We conclude that conduct, which was subsequently held to be illegal, and which could be considered as an evidentiary inference of guilt against Chapman was prejudicial to Kinser and violated his constitutional right to a fair trial.

■ We agree with the district judge that there is no merit to the appellant's claim that he was the subject of an illegal search at his apartment prior to his arrest. The officers had reasonable cause to believe that Kinser was armed and the search was reasonably necessary for their protection. The search being legal, the knife which was the fruit of the search was properly introduced into evidence.

■ Likewise we find no merit to the claim that the appellant's constitutional rights were violated by the trial judge's denial of counsel's request to recross examine one of the prosecution's witnesses. Such an evidentiary question does not rise to a constitutional level. Bowman v. Alvis, 224 F.2d 275, 276 (C.A.6) cert. den. 350 U.S. 949, 76 S.Ct. 324, 100 L. Ed. 827; Ellis v. Raines, 294 F.2d 414, 415 (C.A.10) cert. den. 368 U.S. 1000, 82 S.Ct. 628, 7 L.Ed.2d 538; Chavez v. Dickson, 280 F.2d 727, 736 (C.A.9) cert. den. 364 U.S. 934, 81 S.Ct. 379, 5 L.Ed. 2d 366, rehear. den. 366 U.S. 922, 81 S. Ct. 1092, 6 L.Ed.2d 244; Trujillo v. Tinsley, 333 F.2d 185, 186 (C.A.10); United States ex rel. Cannon v. Maroney, 373 F.2d 908, 910 (C.A.3).

The judgment of the District Court is vacated and the case remanded with instructions to grant the writ to be effective in thirty days unless the state has filed a petition for certiorari with the Supreme Court or indicated its intention of retrying the appellant.