Elbert SCOTT, Petitioner-Appellee,

v.

E. P. PERINI, Superintendent, Marion Correctional Institution, Respondent-Appellant.

No. 20422.

United States Court of Appeals, Sixth Circuit.

March 31, 1971.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellant; Paul W. Brown, Atty. Gen., Columbus, Ohio, on brief.

William Beyer, Cleveland, Ohio, for petitioner-appellee; Harry E. Youtt, Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, McCREE, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

O'SULLIVAN, Senior Circuit Judge.

The State of Ohio here appeals from an order entered in the United States District Court for the Northern District of Ohio, granting a petition of Elbert Scott for a writ of habeas corpus. Scott is a prisoner of the State of Ohio serving a 20–40 year sentence for the sale of narcotics, contrary to the laws of Ohio. He, with another, was convicted upon a jury trial in 1964 and his petition for habeas corpus was filed in 1968. The Honorable Don J. Young was of the view that a prosecutor's reference to failure of Scott's co-defendant to testify visited constitutional wrong upon Scott.

We affirm.

Scott and a William Pollard were jointly indicted and tried. Scott testified at his trial; Pollard did not. In his argument to the jury, the prosecuting attorney commented vigorously and at length upon the failure of Pollard to take the stand. This was permissible under the then law of Ohio, as was the Common Pleas Judge's reference to the same matter in his instructions. Scott and Pollard appealed, and prior to disposition thereof the decision of Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) was announced, holding that comment upon an accused's failure to testify in a state criminal trial was a deprivation of the constitutional right against self-incrimination. In Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966), the *Griffin* decision was held non-retroactive and applicable only to those cases not yet final on the date *Griffin* was decided. The rule applied to the case before us. Obedient to that rule, the Ohio Court of Appeals reversed the conviction of Pollard but affirmed as to Scott, holding that he was not prejudiced by the improper comment on Pollard's failure to testify. The Ohio Supreme Court then affirmed.

In 1969 this Court held, in Kinser v. Cooper, 413 F.2d 730, that a state prosecutor's comment upon the failure of one defendant to testify could be of sufficient prejudice to a codefendant who did testify to call for a new trial. In that case, Kinser was charged with rape. He testified in his own behalf that the involved intercourse was a consensual affair. The co-defendant, Chapman, who did not testify, was charged as an aider and abettor, there being evidence that he held the victim's hands while Kinser disrobed her. Judge Cecil of this Court was of the view that comment by the prosecutor upon the alleged aider and abettor's failure to testify might well have led to the conviction of Kinser. He said:

"The testimony of Kinser and the alleged victim was diametrically in conflict. It might very well be that the failure of Chapman to testify tipped the scales in favor of his [Kinser's] guilt. If he were guilty of aiding and abetting in the commission of the crime, necessarily Kinser had to be

guilty of committing it." 413 F.2d at 732.

In this case there was evidence to permit the conviction of Scott of the crime charged—the purchase and sale of heroin. Federal and state officers collaborated in trying to obtain proof of Scott's participation in this activity. He was, or had been, an addict and had earlier been convicted and imprisoned for violation of Ohio's narcotic laws. In the matter now before us, the officers employed one Lewis, a known addict, to attempt to make a purchase from petitioner Scott. Lewis was then under indictment for narcotic violations. The government's case was made difficult by Lewis' death before trial. There was proof that he called Scott and asked him to acquire a quantity of heroin; it was not denied that Scott was willing, or at least appeared willing, to make the effort to get a defined quantity. Scott's own testimony was that he had not procured any from the source he approached and, in fact, only made it appear that he was making an effort to get the heroin because he suspected his friend of being an informer and feared possible reprisal if he refused outright. There was, nevertheless, evidence by the officers that their agent returned from the enterprise with the desired quantity of heroin and without the money that had been given to him to make the purchase. The government's case was, in part, confirmed by a tape recording of the original invitation of the government's agent to have Scott acquire the heroin. Without detailing the relevant proofs, they could have led to the conclusion that Scott's co-defendant, Pollard, merely "went along for the ride." While he was charged as a principal, his participation more nearly fitted an aider and abettor status. The jury was told that he could be convicted as such. A first trial ended in a jury disagreement. Based upon our *Kinser* decision, the District Judge was of the opinion that the prosecutor's emphasis upon Pollard's failure to take the stand could have led to his conviction and, in turn, visited

prejudice upon Scott. He had before him the full transcript of the state court trial, as have we. From our examination of it and, in obedience to the command of the United States Supreme Court and the rule of our own decision in Kinser v. Cooper, supra, we are unable to say that the District Court's conclusions were wrong.

The District Judge also considered a claim by Scott that he had been subjected to improper post-indictment interrogation and that incriminatory statements then elicited from him were improperly used to aid in his conviction. The District Judge disposed of this question as follows:

> "* * * should the State of Ohio decide to re-prosecute the cause against petitioner, this issue would have to be resolved if it is raised by petitioner's counsel."

He directed that unless further action against Scott be taken by the County of Cuyahoga, Ohio, within sixty (60) days, the petitioner would stand discharged, with the proviso that "the running of the time period shall be tolled until disposition of * * * appeal."

Judgment affirmed.